**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES K. BARBEE,<br><br>   Plaintiff,<br><br>  v.<br><br>AMIRA NATURE FOODS, LTD., *et al.*,<br><br>   Defendants. | Civil Action No. 21-12894 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff James K. Barbee's ("Plaintiff") Motion for Default Judgment against Defendant Amira Nature Foods, Ltd. ("Amira"). (ECF No. 72.) Defendant Bruce C. Wacha ("Wacha") opposed the motion (ECF No. 73), and Plaintiff replied. (ECF No. 74). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is denied.

**I. BACKGROUND**

The Court extensively detailed the facts of this matter in its July 19, 2023 Memorandum Opinion. (*See* Mem. Op., ECF No. 48.) The Court accordingly only addresses the facts that are relevant to Plaintiff's pending motion.

Plaintiff initiated this action on June 23, 2021 by filing a 124-page Complaint against Amira, a foreign issuer of securities, and its officers and control persons for alleged violations of federal and state securities laws. (Compl. ¶ 1, ECF No. 1.) The same day, a Summons was issued as to the defendants identified in the Complaint—namely, Amira, Karan A. Chanana ("Chanana"),

Wacha, Varun Sethi ("Sethi"), and Brian M. Speck ("Speck") (collectively, the "Amira Defendants"). (Summons, ECF No. 2.) Wacha and Speck are the only Defendants that appeared in the action. (*See* Notices of Appearance, ECF Nos. 8, 9, 12, 14, 29, 40.) The remaining Amira Defendants did not answer, defend, or otherwise respond to the Complaint.[1]

On August 23, 2023, Plaintiff filed a certificate of service which confirms that the Summons and Amended Complaint were served on Intertrust Corporate (BVI) Limited ("Intertrust") in February 2023. (*See* Certificate of Service 1, ECF No. 64.) Because Intertrust is a foreign entity located in the British Virgin Islands, the certificate of service reflected that process was served under the relevant provisions of the Hague Convention. (*Id.*) According to Plaintiff, Intertrust is the registered agent authorized to accept service for Amira. (*See* Ex. A at 2, ECF No. 70-2.) Plaintiff's contention is based on Amira's 2012 Restated Memorandum and Articles of Association ("Articles of Association") which appears to list Intertrust as Amira's registered agent. (*Id.*)[2]

Notably, however, the documents provided by Plaintiff do not indicate whether Intertrust was still the registered agent for Amira as of February 2023, the time at which Intertrust was served with the Summons and Amended Complaint. (*See generally id.*) Plaintiff also does not explain the delay in serving Intertrust nearly two years after the Summons was issued in 2021, or the reason

---

[1] In the midst of trying to serve the remaining defendants identified in the Complaint, the active parties continued to litigate the underlying claims. Plaintiff filed an Amended Complaint on August 15, 2022. (Am. Compl., ECF No. 32.) This Court granted in part and denied in part Wacha and Speck's motions to dismiss Plaintiff's Amended Complaint on July 19, 2023. (ECF Nos. 48, 49.)

[2] While Amira's Articles of Association lists "Walkers Corporate Services (BVI) Limited of Walkers Chambers" as its registered agent, Plaintiff points out that that this entity was acquired in 2012 by Intertrust Group Holding S.A.—an affiliate of Intertrust Corporate Services (BVI) Limited. (Pl.'s Aff. in Supp. Mot. Default ¶¶ 3-4, ECF No. 70-1.)

for his eight-month delay in filing a certificate of service after Intertrust was served in February 2023.

Weeks later, Plaintiff filed a request for the Clerk's entry of default, which the Clerk of Court entered on September 20, 2023. (ECF No. 71.) Now before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 72.)

## II.     **LEGAL STANDARD**

The court may not properly enter a default judgment unless it has jurisdiction over the person or corporate entity against whom the judgment is sought, which also means that the defendant must have been effectively served with process. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985); *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). In other words, establishing proper service is integral to determining whether the court has personal jurisdiction over the defaulting defendant. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1992). A default judgment is void if it is rendered by a court that lacks jurisdiction over the parties. *Gold Kist*, 756 F.2d at 19. On a motion for default judgment, a plaintiff bears the burden of proving service was proper. *Jones v. Hous. Auth.*, No. 08-5772, 2010 WL 1492904, at *2 (D.N.J. Apr. 14, 2010) (citing *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971) (finding that the burden of demonstrating proper service of process lies on the plaintiff)); *see also Grand Entm't. Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (noting that "the party asserting the validity of service bears the burden of proof on that issue.").

Service of a corporate entity, such as Amira, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a

3

summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1). New Jersey law provides in relevant part that service on a corporation may be made:

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof[.]

N.J. Ct. R. 4:4-4(a)(6).

### III. ANALYSIS

Here, the Court finds that Plaintiff has not met his burden in establishing that Amira has been properly served such that it can be held in default or subject to a default judgment. As a preliminary matter, Intertrust was served on February 23, 2023—nearly two years after the Summons issued on June 24, 2021. (*See* Summons; Certificate of Service.) *See also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). This alone is a sufficient basis for the Court to deny Plaintiff's motion for default judgment.

The Court also declines to enter default judgment based on Amira's 2012 Articles of Association. (Ex. A.) Although the 2012 Articles of Association appear to list Intertrust as Amira's registered agent, none of the documents submitted by Plaintiff show that Intertrust was still the registered service agent for Amira when Intertrust was served in February 2023.[3] In short, if Intertrust no longer served as Amira's registered agent as of February 2023, despite having been the registered agent in 2012 when the company was publicly traded, service on Intertrust is

---

[3] Indeed, Amira was delisted as a public company in 2020. (*See* Def.'s Opp'n Br. 3, ECF No. 73.)

4

improper, and default judgment is not warranted. Given this discrepancy, the Court denies without prejudice Plaintiff's motion for default judgment. *See Callan v. Patel*, No. 15-2357, 2017 WL 4310071, at *4 (M.D. Pa. Sept. 28, 2017) ("[D]efects in the service of process render service improper. . . . The rules relating to service of process must be strictly followed, and jurisdiction of the court over . . . the defendant is dependent upon proper service having been made.") (internal quotation marks and citations omitted).

The Court further vacates the September 20, 2023 Clerk's entry of default. *See, e.g., Nyholm v. Pryce*, 259 F.R.D. 101, 104-06 (D.N.J. 2009) (finding a defect in service and concluding that "[p]laintiff's motion for default judgment is denied as to [certain defendants] and" vacating the clerk's entry of default); *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (noting that a decision to set aside default is primarily left to the discretion of the district court).[4]

---

[4] Plaintiff is advised that any future motion for default judgment must comply with Federal Rule of Civil Procedure 55. In its current form, Plaintiff's 100-page motion for default judgment appears to repackage many of the disputed allegations from his Amended Complaint as they pertain to Wacha and Speck. (*See generally* Pl.'s Mot. Default J.) Any attempt to relitigate issues that have been decided in prior motion practice as to the active Defendants will be denied. Rather, Plaintiff must demonstrate whether default judgment is appropriate *against Amira only* by demonstrating three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018).

IV. **ORDER**

**IT IS THEREFORE,** on this 14th day of February, 2024, **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 72) is **DENIED**.

2. The Clerk of Court shall vacate the September 20, 2023 entry of default.

3. No later than February 29th, 2024, Plaintiff shall e-file a renewed request for Clerk's entry of default, supported by materials confirming that Intertrust remained as the proper registered agent for Amira as of February 2023.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

6